**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5039**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

ADRIAN PEREZ-SANCHEZ, a/k/a Eliceo Barrientos, a/k/a Carlos
Rojas-Tenerio,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:09-cr-00330-NCT-1)

Submitted:  July 11, 2011            Decided:  July 15, 2011

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, GRAY, JOHNSON & LAWSON, LLP, Greensboro,
North Carolina, for Appellant.  Ripley Rand, United States
Attorney, Angela H. Miller, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Perez-Sanchez appeals the eighteen-month sentence imposed following his guilty plea to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, Perez-Sanchez argues that the district court imposed an unreasonable sentence. Finding no reversible error, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [2006] for a sentence different than the one ultimately imposed"). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United

States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume reasonable a sentence within the properly calculated Guidelines range. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decicisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

We hold that the district court committed neither procedural nor substantive error during sentencing. The district court correctly calculated the advisory Guidelines range and, contrary to Perez-Sanchez's assertion, sentenced him within that range. Further, it is apparent from the court's

discussion that it considered both parties' arguments and had a reasoned basis for its decision.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4